O

**PRIORITY SEND**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 09-01861 VAP (OPx)                               Date:  December 1, 2009

Title:         HSBC BANK USA, N.A. et al. -v- JOSE INEZ SANCHEZ
================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                      None Present
    Courtroom Deputy                          Court Reporter

ATTORNEYS PRESENT FOR                                   ATTORNEYS PRESENT FOR
PLAINTIFFS:                                                              DEFENDANTS:

    None                                                   None

PROCEEDINGS:        MINUTE ORDER: (1) REMANDING ACTION TO CALIFORNIA SUPERIOR COURT, SAN BERNARDINO COUNTY: (2) VACATING DECEMBER 7, 2009 HEARING (IN CHAMBERS)

     The Court has received and considered all papers filed in support of the Motion to Remand ("Motion") filed by Plaintiff HSBC Bank USA, N.A. ("Plaintiff").  Plaintiff's Motion is appropriate for resolution without a hearing.  <u>See</u> Fed. R. Civ. P. 78; Local R. 7-15.

     Defendant filed its Motion on November 5, 2009 to be heard on December 7, 2009.  Under Local Rule 7-9, a party must file opposition papers no later than 14 days before the date designated for the hearing of the motion.  Defendant Jose Ines Sanchez ("Defendant") is not represented by counsel.  Defendant filed no timely opposition.

     On August 13, 2009, Plaintiff filed a "Complaint for Unlawful Detainer Following Foreclosure

MINUTES FORM 11                                                   Initials of Deputy Clerk: jh-relief
CIVIL -- GEN                                    Page 1

EDCV 09-01861 VAP (OPx)
HSBC BANK USA, NATIONAL ASSOCIATION, et al. v JOSE INEZ SANCHEZ
MINUTE ORDER of December 1, 2009

Sale" ("Complaint") against Defendant.  On October 8, 2009, Defendant removed the action on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  (See Not. of Removal at 4.)

  Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441, et seq.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

  Defendant has not met his burden of establishing that the case is properly in federal court.  Gaus, 980 F.2d at 566.  The Complaint contains no federal claims.  Accordingly, the Court REMANDS the action to the Superior Court of California, Riverside County.

  **IT IS SO ORDERED.**